IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Hurtado, | ) |
|           Plaintiff, | ) C/A No.: 1:09-1073-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
|           Defendant. | ) |

Plaintiff Kimberly Hurtado filed an application for a period of disability and disability insurance benefits on February 7, 2005, alleging disability commencing November 2, 2002 because of fibromyalgia, rheumatoid arthritis, carpal tunnel syndrome, depression, anxiety, and migraine headaches. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on August 14, 2008. On November 28 2008, the ALJ issued a decision that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. On February 27, 2009, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges. On July 26, 2010, the Magistrate Judge filed a Report and Recommendation in which she determined that the ALJ failed to conduct a thorough step-one analysis in that he (1) failed to adequately explain which impairments were medically determinable and which impairments would cause which symptoms alleged by Plaintiff; (2) failed

to consider Plaintiff's claimed impairments of rheumatoid arthritis or carpal tunnel syndrome. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be remanded under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. On August 6, 2010, the Commissioner filed a notice that he would not file objections to the Report.

The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Therefore,

It is ORDERED that the Commissioner's decision be reversed and the action remanded pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 13, 2010.

2