IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Hurtado, )<br>　　　　　　　　　　　　　　　　　)　C/A No. 1:09-1073-MBS<br>　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)　**ORDER**<br>Michael J. Astrue, Commissioner of　)<br>Social Security,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　)<br>_____ ) | |

      Plaintiff Kimberly Hurtado brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits. See 42 U.S.C. § 405(g). In accordance with Local Civil Rule 73.02(B)(2)(a), D.S.C., the case was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on July 26, 2010. The Magistrate Judge determined that the Administrative Law Judge (ALJ) had not adequately addressed Plaintiff's claimed impairments of rheumatoid arthritis or carpal tunnel syndrome, and consequently the court was unable to determine whether the ALJ viewed these claimed impairments as severe or not severe, or to confirm that he even considered these claimed impairments in reaching his conclusions. Accordingly, the Magistrate Judge recommended that the matter be remanded for the ALJ to provide a full discussion of each of Plaintiff's complaints and also to provide a determination regarding whether each impairment is "severe," and for a discussion of the impact of each impairment on Plaintiff's residual functional capacity. On August 6, 2010, the Commissioner filed a "Notice of Not Filing Objections to the Report and Recommendation." On August 16, 2010,

the court adopted the Report and Recommendation and remanded the case pursuant to sentence four of § 405(g) for further administrative proceedings.

This matter now is before the court on Plaintiff's motion for attorney's fees filed October 25, 2010. Counsel moves for an order awarding attorney's fees of $6,186.41 under the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412(d). The Commissioner filed a response in opposition to the motion on November 8, 2010, to which Plaintiff filed a reply on November 18, 2010.

The Commissioner contends that the court should not award attorney's fees under the EAJA because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

In support of his position, the Commissioner essentially restates the arguments made to the Magistrate Judge. The Commissioner contends that the Social Security Act and applicable regulations simply require the ALJ to consider all the impairments and the combined effects, not to discuss them explicitly in his decision. The Commissioner asserts that the ALJ acknowledged evidence pertaining to Plaintiff's complaints of rheumatoid arthritis and carpal tunnel syndrome and stated that he had considered all the evidence. However, as the Magistrate Judge properly found, the ALJ's failure to adequately explain his evaluation of Plaintiff's impairments made it impossible for the court to determine whether substantial evidence upheld his findings. The Commissioner's contention is without merit.

Accordingly, IT IS ORDERED that Plaintiff's motion for fees under the EAJA be **granted** in the amount of $6,186.41, representing 32.40 attorney hours at the rate of $176.25 per hour and 5.40 paralegal hours at the rate of $88.13 per hour. The court declines to direct that the fees be paid to counsel for Plaintiff. Further, the court declines to direct that Plaintiff has 60 days after being served with notice of past due benefits to file for fees under 42 U.S.C. § 406(b), as Local Civil Rule 83.VII.07(A) provides the relief Plaintiff requests.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 23, 2011